## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 20 2016, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ra'Dreeka Gillespie, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 20, 2016 <br><br> Court of Appeals Case No. <br> 49A02-1603-CR-577 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Amy M. Jones, Judge <br><br> Trial Court Cause No. <br> 49G08-1503-CM-8473 |

**Barnes, Judge.**

# Case Summary

[1] Ra'Dreeka Gillespie appeals her conviction for Class A misdemeanor battery. We affirm.

# Issue

[2] Gillespie raises one issue, which we restate as whether the evidence is sufficient to sustain her conviction.

# Facts

[3] Chasia Sutton worked at a Family Dollar store in Marion County. Gillespie was dating Sutton's ex-girlfriend. On January 13, 2015, Gillespie entered the store with Sutton's ex-girlfriend while Sutton was working, and there was a verbal exchange between the women. Gillespie and the ex-girlfriend left, and a few minutes later, Gillespie returned with three other women. The three women entered the store and found Sutton stocking shelves. They poured water on Sutton's head and then began hitting and kicking her. Gillespie joined in and stomped on Sutton's head and side. Keyaira Smith, Sutton's sister, was waiting outside to pick up Sutton. She entered the store and heard screaming and fighting. She found Sutton on the ground surrounded by the three women, who were fighting with her, and she saw Gillespie watching and laughing. As a result of the beating, Sutton had migraines and shoulder pain.

[4] The State charged Gillespie with Class A misdemeanor battery. After a bench trial, Gillespie was found guilty as charged. The trial court sentenced her to 365 days in jail with 361 days suspended to probation. Gillespie now appeals.

## Analysis

Gillespie argues that the evidence is insufficient to sustain her conviction. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

At the time of the incident, the offense of battery was governed by Indiana Code Section 35-42-2-1(b), which provided that "a person who knowingly or intentionally: (1) touches another person in a rude, insolent, or angry manner . . . commits battery . . . ."[1] The offense was a Class A misdemeanor if it resulted in bodily injury to any other person. Ind. Code § 35-42-2-1(c). Gillespie argues that the State failed to present any evidence that she actually hit Sutton. According to Gillespie, Sutton's "version of the events was highly questionable . . . ." Appellant's Br. p. 7. Gillespie argues that it would have been impossible for Sutton to see who was hitting her and that Sutton's testimony conflicted with Smith's testimony. Gillespie contends that Smith only saw Gillespie laughing.

---

[1] The statute was amended by Pub. L. No. 65-2016, § 33 (eff. July 1. 2016).

Sutton testified that Gillespie stomped her on the head and side, and the trial court found Sutton's account to be credible. Further, a security camera video of the incident was admitted at the trial. The security camera footage is consistent with Sutton's account of the incident. After Sutton was attacked by the three women, Gillespie is seen approaching them and making movements consistent with kicking Sutton, who was on the ground. After Smith entered the store, Gillespie is not seen touching Sutton. Consequently, the security video is also consistent with Smith's testimony. Gillespie's argument is merely a request that we reweigh the evidence and judge the credibility of the witnesses, which we cannot do. *Bailey*, 907 N.E.2d at 1005. The evidence is sufficient to sustain Gillespie's conviction for Class A misdemeanor battery.

## Conclusion

The evidence is sufficient to sustain Gillespie's conviction. We affirm.

Affirmed.

Riley, J., and Bailey, J., concur.